**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DEBORAH KAY SHREWSBURY,

    Plaintiff,

v.              Case No: 6:16-cv-1840-Orl-40GJK

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on the following:

1. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 18), filed October 28, 2017;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 19), filed September 11, 2017; and

3. Defendant's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 20), filed September 20, 2017.

Upon *de novo* review of the above, the Court overrules Plaintiff's objections and adopts Magistrate Judge Kelly's Report and Recommendation ("R&R").

### **I. BACKGROUND**

Plaintiff, Deborah Wilson Shrewsbury, filed this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her Social Security Disability Insurance and Supplemental Security Income benefits. (Doc. 1). Magistrate Judge Kelly issued an R&R

recommending that the Court affirm the commissioner's final decision (Doc. 18). Plaintiff objected to the Magistrates R&R. (Doc. 19). This matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

### a. Objection to an R&R

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge decides a matter that is dispositive in nature, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and the recommended disposition. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). When a party objects to a magistrate judge's findings in a dispositive matter, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### b. Social Security

To determine whether a Social Security claimant qualifies as disabled, the Commissioner uses a five-step sequential evaluation process, which considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite

2

> the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The claimant primarily bears the burden of proving disability, but the burden shifts to the Commissioner at step five. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Review of the Commissioner's final decision as to disability is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* District courts must review the record as a whole and may not reweigh facts or substitute their own judgment for that of the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The Commissioner, however, must "state with at least some measure of clarity the grounds for his decision" and will not be affirmed "simply because some rationale might have supported" the disability determination. *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam).

### III. DISCUSSION

#### a. Plaintiff's Objection that the ALJ Failed to Properly Evaluate Plaintiff's Credibility.

Plaintiff objects to the Magistrate Judge's determination that the ALJ properly considered Plaintiff's credibility related to her treatment in light of her financial situation. (Doc. 19, p. 2). The ALJ made the following credibility determination: "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms

3

are not entirely credible." (R. 22).[1] Plaintiff argues the ALJ made "repeated statements insinuating Plaintiff's symptoms could not be as bad as she claimed due to lack of treatment she received" but in making such statements failed to properly consider the Plaintiff's financial situation. (Doc. 19, p. 2). Plaintiff further argues that the ALJ's reliance on the Plaintiff's conservative treatment—without fairly considering her financial position—contributed to the ALJ's adverse credibility finding. (*Id.*) Plaintiff relies on *Vargas v. Astrue* for the position that poverty excuses noncompliance with treatment. 134 Soc. Sec. Rep. Serv. 195 (S.D. Fla. 2008) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)).

In contrast to Plaintiff's argument, the ALJ had knowledge of Plaintiff's financial position, and considered it in their finding, stating that Plaintiff "was only given samples of medication . . . given her lack of money or insurance." (R. 22). The ALJ recognized the Plaintiffs limited resources and found that her contention of not being able to afford steady treatment was unpersuasive. Since a reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record, Plaintiff's claim that the ALJ erred in weighing Plaintiff's credibility fails. See *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Plaintiff's argument also fails because the ALJ did not solely rely on Plaintiff's conservative treatment regime to find her credibility lacking, but also relied on the treating records from the Brevard Health Alliance and her consultation with Dr. Homi Cooper, M.D., an orthopedist. *See* 20 C.F.R. § 416.929(c)(4) ("We will consider . . . the extent to which there are any conflicts between your statements and the rest of the evidence . .

---

[1] The Court cites to the Administrative Record as "(R. __)."

4

. ."). The ALJ found that Plaintiff's "physical examination failed to detail any objective findings consistent with the [C]laimant's complaints of limitations" since the records "consistently showed that the [C]laimant had normal physical examinations, with clear lungs bilaterally to auscultations, steady gait with no limping, and with no pain complaints . . . ." (R. 22). The ALJ noted that, although Plaintiff alleged pain, she rarely complained of back pain and the pain improved with NSAIDS. (R. 23–24). Moreover, when presented with further diabetes education and information, Plaintiff refused the offering, stating she was aware of her need to diet and exercise, but that it was hard for her. (R. 22). Finally, the ALJ noted that Dr. Cooper performed a detailed evaluation showing, *inter alia*, Plaintiff had a normal range of motion, normal motor strength, no muscle wasting, demonstrated normal gait and stance, and, aside from an x-ray showing narrowing of the interspace between L5 and S2, that Plaintiff was otherwise normal. (R. 23). In short, the ALJ found that Plaintiff's statements regarding her ability to work conflicted with the medical records, impugning her credibility.

### b. Plaintiff's Objection that the ALJ Failed to Fully Develop the Record

Plaintiff's next objects to the Magistrate's Report and Recommendation because the Magistrate found that "the ALJ did not err in failing to develop the record." (Doc. 18, p. 9). Plaintiff argues that the ALJ improperly relied on Plaintiff's failure to pursue counseling while failing to develop the record regarding her full medical history, such as her continued attendance of therapy sessions with Dr. Levinsky. (Doc. 19, p. 3)

It is undisputed that the ALJ has a basic duty to develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). However, the Plaintiff has the burden of proving disability and must produce evidence to support the disability claim. *Ellison v.*

*Barnhart*, 355 F.3d 1272, 1276 (11th Cir 2003). The ALJ's duty to develop the medical history of the Plaintiff applies to the twelve months preceding the application date for benefits. 20 C.F.R. § 416.912(b)(1).

If, as occurs here, a plaintiff asserts that the ALJ violated their duty to develop a full and fair record, the plaintiff must show prejudice to her "right to due process has been violated to such a degree that the case must be remanded to the Commissioner for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th 1995).

Here Plaintiff alleges the ALJ failed to develop the record, because the ALJ knew that Plaintiff "continued to see Dr. Levinsky for therapy for depression" and that Plaintiff's counsel was having difficulty obtaining Dr. Levinsky's therapy records, yet chose to make a decision without receiving the records. (Doc. 17, pp. 25–26). Plaintiff avers that if the ALJ had these therapy records before them, they would not have been able to use Plaintiff's failure to receive counseling as evidence to find her depression was not severe. (*Id.* at 26).

Plaintiff's arguments fail for at least two reasons. First, as the Magistrate Judge noted, the ALJ only has a duty to obtain records from the twelve months prior to her application. Whereas, the therapy records from Dr. Levinsky were represented as having been treatment which occurred the same month as the hearing. (R. 589). Since the hearing before the ALJ occurred in January of 2015, and the application for disability benefits occurred in August of 2012—over two years before the hearing—the ALJ had no duty to obtain the records. *See* 20 C.F.R. § 416.912(b)(1).

Second, Plaintiff has failed to show how the ALJ's failure to obtain Dr. Levinsky's medical records caused prejudice. *See Brown v. Shalala*, 44 F.3d 931, 935 (11th 1995).

Plaintiff's attorney was asked at the hearing whether the records from Dr. Levinsky were "just cumulative of what's already there," to which counsel responded "Yes." (R. 590). Moreover, the ALJ agreed to hold the record open for an additional two weeks for Plaintiff to submit the records. (R. 590–91). Plaintiff's counsel acknowledged that the records would need to be submitted within two weeks, yet failed to submit them after the hearing.

Finally, even assuming *arguendo* that Plaintiff shows the ALJ failed to properly develop the record, Plaintiff's theory still fails because Plaintiff has not shown that she has suffered prejudice to her due process right. Plaintiff has not presented the records for the Court to review, and represented that the records from Dr. Levinsky would have been cumulative.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. 19) are **OVERRULED**.
2. The Magistrate Judge's August 28, 2017 Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and is made a part of this Order.
3. The Final Decision of the Commissioner (R. 27) is **AFFIRMED**.
4. The Clerk of Court is **DIRECTED** to enter judgment for the Commissioner and close the case.

**DONE AND ORDERED** in Orlando, Florida on February 2, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties